UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL LIETZKE,<br>Plaintiff,<br>v.<br>GREYHOUND LINES, INC.,<br>Defendant. | Case No. 18-cv-06197-DMR<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND VENUE** |

Pro se Plaintiff Bill Lietzke ("Mr. Lietzke") filed this action on October 9, 2018. [Docket No. 1 (Compl.).] He alleges various claims for relief against Greyhound Lines, Inc. ("Greyhound"), including assault, false imprisonment, and conversion. *See id.* ¶¶ 5-11. As set forth below, the court orders Mr. Lietzke to show cause why this case should not be dismissed. The court further orders that the case management conference, currently set for January 16, 2019, be vacated.

**I. SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). A federal court has jurisdiction may exercise either federal question jurisdiction or diversity jurisdiction.

**A. Federal Question Jurisdiction**

Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Here, Mr. Lietzke alleges various claims for relief against Greyhound, including assault, false imprisonment, and conversion. *See id.* ¶¶ 5-11. These are all state tort claims and do not give rise to federal subject matter jurisdiction. Although Mr. Lietzke alleges "Defendants violated the Plaintiff's First Amendment and Fourth Amendment rights of the United States Constitution," the only defendant in this case is a private corporation. Compl. ¶ 10. "[M]ost rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978). Accordingly, "the deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). As Greyhound is not alleged to be a state actor, Mr. Lietzke has not pleaded viable claims under the United States Constitution.

Accordingly, Mr. Lietzke has failed to establish that this court has federal question jurisdiction.

### B. Diversity Jurisdiction

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id.*

Mr. Lietzke's service address is in Montgomery, Alabama. *See* Compl. He does not allege that he is a citizen of any state other than Alabama. The address he gives for Greyhound is in Birmingham, Alabama, and he refers to Greyhound as "the Birmingham, Alabama Greyhound Lines, Inc." Compl. ¶ 5. He alleges no other facts regarding the citizenship of Greyhound, and it does not appear on the face of the complaint that Greyhound is the citizen of any state other than Alabama.

Mr. Lietzke has failed to establish federal subject matter jurisdiction based on diversity.

## II. VENUE

According to Mr. Lietzke's complaint, the incidents that form the basis of his complaint took place in Birmingham, Alabama, and Mr. Lietzke lives in Montgomery, Alabama. Compl. ¶¶ 5-11. Pursuant to 28 U.S.C. § 1391, a case may be filed in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Based on the allegations in the complaint, it appears that Mr. Lietzke has no basis for filing this case in the Northern District of California.

### III. ORDER

In light of the identified defects in Mr. Lietzke's complaint, the court orders Mr. Lietzke to show cause as to why this case should not be dismissed for lack of federal subject matter jurisdiction, and why this case properly is filed in the Northern District of California. Mr. Lietzke shall file a statement and explain in writing the basis for the exercise of federal subject matter jurisdiction and why this case is properly filed here. Mr. Lietzke shall file his response no later than January 25, 2019.

If Mr. Lietzke fails to respond by that date or his response fails to establish that there is federal subject matter jurisdiction and that the case is properly filed in this district, the court will prepare a report and recommendation recommending that a district judge dismiss this case.

**IT IS SO ORDERED.**

Dated: January 9, 2019



Donna M. Ryu
United States Magistrate Judge